UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN GREGORY FIORI,<br><br>              Petitioner,<br><br>    v.<br><br>JASON CLIFFORD, Parole Officer;<br>BRIAN UNDERWOOD, Chief,<br>Division of Probation and Parole; and<br>JOSH TEWALT, Director, Idaho<br>Department of Correction,<br><br>              Respondents. | Case No. 2:23-cv-00076-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Brian Gregory Fiori ("Petitioner"), challenging Petitioner's state court conviction. Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 1, 2(a), 3(a), 3(b), and 3(c)(ii) are procedurally defaulted without excuse. Dkt. 11. The Motion is now ripe for adjudication.

      The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 10; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

      The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dkt. 8. Having carefully reviewed the record, including the

state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion for Partial Summary Dismissal and dismissing with prejudice Claims 1, 2(a), 3(a), 3(b), and 3(c)(ii).

## BACKGROUND

In a jury trial in the First Judicial District Court in Kootenai County, Idaho, Petitioner was convicted of felony driving under the influence ("DUI"). *State's Lodging A-2* at 127. In a bifurcated trial, Petitioner admitted being a persistent violator for purposes of a sentencing enhancement. *State's Lodging A-3* at 158–60. Petitioner received a unified sentence of 12 years in prison with 5 years fixed. *Id*. at 136–40.

Petitioner appealed, arguing that the trial court abused its discretion in sentencing. *State's Lodging B-1*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-4; B-6*.

Petitioner then filed a pro se post-conviction petition in state district court. *State's Lodging C-2* at 5–12. Petitioner asserted claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, juror misconduct, and trial court error; he also moved for the appointment of counsel. *State's Lodging C-3* at 319–21. The court denied the motion for counsel and dismissed the petition. *State's Lodging C-3* at 14–18.

On appeal, however, the Idaho Court of Appeals held that the lower court had erred in denying Petitioner's motion for counsel. *State's Lodging D-10*. The appellate court remanded without addressing any substantive claims for relief.

MEMORANDUM DECISION AND ORDER - 2

Petitioner was appointed counsel on remand, *State's Lodging F-2* at 22, but counsel did not amend the initial petition. The court later dismissed the petition, concluding that (1) unverified documents offered in support of Petitioner's claims were inadmissible because they were not authenticated, (2) Petitioner had waived or abandoned several claims, and (3) the claims that were not waived or abandoned failed on the merits. *State's Lodging E-1* at 8–37.

Petitioner appealed, raising some of his ineffective claims and arguing that the lower court erred in finding Petitioner's supporting documents inadmissible. *State's Lodging F-4*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging F-7; F-11*.

In the meantime, Petitioner returned to the state district court and filed a motion for relief from judgment under Idaho Rule of Civil Procedure 60(b). *State's Lodging G-1* at 49–54. The motion was denied. The Idaho Court of Appeals affirmed the denial of the motion, and the Idaho Supreme Court denied review. *State's Lodging H-4; H-6*.

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

> Claim 1: Denial of the right counsel, based on Petitioner's not having counsel before his arraignment.
>
> Claim 2: (a) Trial court error based on the court's failure to inquire into Petitioner's relationship with his counsel; and (b) ineffective assistance of trial counsel for failing to withdraw.
>
> Claim 3(a): Ineffective assistance of counsel for failure to use an expert witness.

  Claim 3(b): Ineffective assistance of counsel for failure to retrieve certain evidence.

  Claim 3(c): Ineffective assistance of counsel for (i) failure to argue that Petitioner could not be charged with DUI because the car was on private property; (ii) failure to argue that the car was inoperable; (iii) failure to argue that someone else was in actual physical control of the car; and (iv) failure to impeach a witness by showing that the witness lied about taking the key out of the ignition.

  Claim 4: Ineffective assistance of counsel for failure to conduct an adequate voir dire and failure to strike a prospective juror.

*Pet*. at 6–9.

## DISCUSSION

Respondent argues that Claims 1, 2(a), 3(a), 3(b), and 3(c)(ii) are procedurally defaulted and that Petitioner has not shown an excuse for the default. For the following reasons, the Court agrees.

**1. Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**2.     Claims 1, 2(a), 3(a), 3(b), and 3(c)(ii) Are Procedurally Defaulted Without Legal Excuse**

*A.     Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In addition, presenting a state law claim does not properly exhaust a federal claim, even if the state and federal claims are similar. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner

must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

> **B.** *Petitioner Failed to Fairly Present Claims 1, 2(a), 3(a), 3(b), and 3(c)(ii) to the Highest State Court*

> i. Claim 1

Claim 1 asserts that Petitioner's Sixth Amendment right to counsel was violated because he was not appointed counsel until his arraignment. This claim was not included in any of Petitioner's state appellate briefs, either on direct appeal or in the post-conviction appeal following remand. *See State's Lodging B-1; F-4*. Because it is now too late to present this claim to the state courts, Claim 1 is procedurally defaulted.

MEMORANDUM DECISION AND ORDER - 6

> ii. <u>Claim 2(a)</u>

Claim 2 asserts both (a) that the trial court should have inquired into Petitioner's dissatisfaction with his attorney, and (b) that Petitioner's counsel rendered ineffective assistance in failing to move to withdraw from the representation. Claim 2(b), the ineffectiveness claim, was presented in Petitioner's briefing on appeal following remand in the post-conviction proceedings. *State's Lodging F-4* at 24–26. However, Petitioner did not raise Claim 2(a)—trial court error for failure to inquire into Petitioner's relationship with counsel—in any state court appellate brief. *See generally id.; B-1*. Because Petitioner did not fairly present Claim 2(a) to the state courts, it is procedurally defaulted.

> iii. <u>Claim 3(a), 3(b), and 3(c)(ii)</u>

On appeal following remand in Petitioner's state post-conviction proceedings, Petitioner raised several ineffective assistance claims. He argued the following:

- Trial counsel should have presented evidence that the car was on private property; (3ci)

- Trial counsel should have pursued the theory that someone else, not Petitioner, was in control of the car; and

- Trial counsel should have impeached a witness regarding the witness taking the car key out of the ignition.

*State's Lodging F-4* at 16, 25, 26–27. These claims correspond to Claims 3(c)(i), 3(c)(iii), and 3(c)(iv) of the instant federal Petition.

MEMORANDUM DECISION AND ORDER - 7

However, Petitioner never raised Claim 3(c)(ii)—that trial counsel should have presented evidence that the car was inoperable. *See generally id.; B-1*. As a result, Claim 3(c)(ii) was not fairly presented to the Idaho courts and is procedurally defaulted.

### C. *Petitioner Has Not Shown an Excuse for the Default of His Claims*

A federal court can consider a procedurally defaulted claim only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a fundamental miscarriage of justice, which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 488, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

In this case, Respondent has argued that Petitioner cannot show that his procedurally defaulted claims qualify under either exception. Dkt. 11-1 at 13–17. Petitioner does not contest this assertion. *See generally* Dkt. 13. The Court has independently reviewed the record and agrees with Respondent that Petitioner has not established cause and prejudice or actual innocence. Therefore, Claims 1, 2(a), 3(a), 3(b), and 3(c)(ii) are subject to dismissal.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 11) is GRANTED, and Claims 1, 2(a), 3(a), 3(b), and 3(c)(ii) are DISMISSED with prejudice.

MEMORANDUM DECISION AND ORDER - 8

2. Respondent must file an answer to the remaining claims (Claims 2(b), 3(c)(i), 3(c)(iii), 3(c)(iv), and 4) within 60 days of the date of this Order. Petitioner must file a reply, rebutting Respondent's answer, which must be filed and served within 28 days after service of the answer. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: April 4, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge